# MAYOR AND CITY COUNCIL OF BALTIMORE AND JOHN D. BLAKE, COMMISSIONER OF HEALTH,

## *vs.*

# ROBERT JAMES GAMBLE AND GEORGE J. ZASER.

*Circuit Courts: jurisdiction; within own circuit.   Injunctions.*
*Baltimore City: milk ordinance; inspection of*
*dairy herds by Health Commissioner.*

The Circuit Court for Baltimore County has no jurisdiction to enjoin the inspection of milk in Baltimore City.          p. 474

Ordinance No. 262 of the Mayor and City Council of Baltimore requires that dairymen who desire to sell milk in Baltimore City must obtain a permit therefor from the Baltimore City Health Commissioner, and as a condition precedent thereto require that they consent to the inspection of their herds by such Commissioner; compliance with this is voluntary and the provision does not vitiate the ordinance.          pp. 474-475

*Decided April 3rd, 1918.*

Appeal from the Circuit Court for Baltimore County. In Equity. (DUNCAN, J.)

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE, THOMAS, URNER and STOCKBRIDGE, JJ.

*Alexander Preston, Deputy City Solicitor* (with whom was *S. S. Field, City Solicitor,* on the brief), for the appellants.

No appearance for the appellees.

THOMAS, J., delivered the opinion of the Court.

The bill of complaint in this case is like the one filed in No. 25 Appeals, Jan. Term, 1918 (*ante,* p. 442), and prays that Ordinance No. 262 of the Mayor and City Council of Baltimore, approved June 1st, 1917, "and each and every part thereof," be declared null and void, and that the Mayor and City Council of Baltimore and John D. Blake, Commissioner of Health, be enjoined from enforcing or attempting to enforce the same.

The bill was filed in the Circuit Court for Baltimore County on November 8th, 1917, and on the same day that Court granted a preliminary injunction as prayed. Thereafter the defendants appeared for the purpose of filing a plea to the jurisdiction of the Court, and then brought this appeal from the order of the Court granting the injunction.

Section 86 of Article 16 of the Code provides: "Each of the circuit judges may grant injunctions, or pass orders or decrees in equity, at any place in his circuit, to take effect in any part of his circuit, and may require in writing the original papers in any case, or abstracts and transcripts to be produced before him, wherever he may be in his circuit."

The ordinance provides, among other things, that a producer of milk, who desires to sell the same in Baltimore City, must obtain a permit, and as one of the conditions for obtaining the permit he must consent to an inspection of his dairy herd and premises, etc., in order that the Commissioner of Health may determine whether the milk is produced under the sanitary conditions required by the ordinance and from healthy cows. But compliance with this condition is purely voluntary on the part of the dairyman, and the Ordinance

operates only in Baltimore City and to prevent the sale therein of impure or unhealthy milk.

The bill does not seek to enjoin the inspection of the plaintiffs' herds or premises in Baltimore County, for that is not authorized by the ordinance except with the consent of the plaintiffs. But the object of the bill is to restrain the enforcement, *in Baltimore City,* of an ordinance regulating the sale of milk therein. The injunction prayed for and granted by the Court below was not intended therefore to take effect in Baltimore County, or any part of that circuit, but only in Baltimore City.

The question of the jurisdiction of the Court below to grant the injunction is so completely disposed of by the decision and reasoning of this Court in *Graham* v. *Harford Co.,* 87 Md., 321, that a further discussion of it would only lead to a repetition of what was there said. Following the construction placed upon the section of the Code referred to in that case, we must reverse the order appealed from and dismiss the plaintiffs' bill.

> *Order reversed, with costs above and below,*
> *and bill dismissed.*